**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSYMAR AYALA PACHECO,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIVIL NO.: 19-1678 (ADC) |

**REPORT AND RECOMMENDATION**

**I.    Procedural Background**

On July 17, 2019, Ms. Josymar Ayala Pacheco ("Plaintiff") filed a complaint appealing the decision of the Commissioner of Social Security ("the Commissioner") denying her application for child's insurance benefits under the Social Security Act. ECF No. 1. Pending before the court is the Commissioner's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").[1] ECF No. 21. In the motion to dismiss, the Commissioner alleges that Plaintiff did not file the complaint "within sixty days of receiving her denial from [the] Appeals Council as required for judicial review under 42 U.S.C. § 405(g)." Id. at 2. On March 9, 2020, Plaintiff filed a motion for an extension of time until March 30, 2020 to respond to the Commissioner's motion to dismiss. ECF No. 22. Plaintiff's request for an extension of time was granted. ECF No. 23. Plaintiff, however, did not file a response to the motion to dismiss.

---

[1] The Commissioner alternatively requests that summary judgment be granted in its favor pursuant to Federal Rule of Civil Procedure 56. ECF No. 21, at 1, 6.

## II.     Motion to Dismiss Standard Under Rule 12(b)(6)

"The First Circuit has determined that a Rule 12(b)(6) motion is the appropriate standard where the Commissioner wishes to dismiss a case for failing to timely file." Maldonado Medina v. Comm'r of Soc. Sec. Admin., Civ. No. 18-1091, 2019 WL 2710801, at *1 (D.P.R. June 27, 2019) (citing Grant v. Berryhill, 695 Fed. App'x. 592, 593 (1st Cir. 2017)). Pursuant to Rule 12(b)(6), a defendant may move to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the court must limit its focus to the allegations of the complaint. Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978). Evaluating a motion to dismiss under Rule 12(b)(6) requires the court to "accept as true 'all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor.'" Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). Dismissal under Rule 12(b)(6) is appropriate only if the facts alleged, taken as true, do not warrant recovery. Aulson, 83 F.3d at 3. In order to survive a motion to dismiss, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although all inferences must be made in plaintiff's favor, the court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

The Supreme Court held in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), that in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559). "While Twombly does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from

conceivable to plausible.' Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 133 (D.P.R. 2007) (quoting Twombly, 550 U.S. at 555, 570). Although Twombly was decided in the antitrust context, the Supreme Court has held that the standard expounded in that decision applies to "all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).

### III.   Factual Allegations in the Complaint

On September 1, 2015, Plaintiff filed an application for child's insurance benefits under the Social Security Act and alleged disability beginning on June 1, 2009. ECF No. 1, at 2, ¶ 7. Plaintiff's disability claim was initially denied on November 30, 2015, and upon reconsideration on March 11, 2016. Id. at 2, ¶ 8. Thereafter, Plaintiff requested a hearing which was held on March 19, 2018 before an Administration Law Judge ("ALJ"). Id. at 2, ¶ 9. On May 2, 2018, the ALJ determined that Plaintiff was not disabled under the Social Security Act. Id. at 2, ¶ 10. Thereafter, Plaintiff requested review of the ALJ's decision. On April 22, 2019, the Appeals Council affirmed the decision of the ALJ. Id. at 3, ¶ 12. Plaintiff filed the instant complaint on July 17, 2019. See ECF No. 1.

### IV.   Legal Analysis

The Commissioner contends that the complaint should be dismissed because Plaintiff "did not file a civil action within sixty days of receiving her denial from [the] Appeals Council as required for judicial review under 42 U.S.C. § 405(g)." ECF No. 21, at 2. Section 405(g) of the Social Security Act provides

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced

> within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Accordingly, "there is a sixty (60) day limit for seeking judicial review of an adverse Social Security-benefits determination." Vázquez-Orta v. Astrue, 611 F. Supp. 2d 97, 98 (D.P.R. 2008). The Social Security regulations "makes the date that the claimant receives the Secretary's notice of decision the trigger point for statute of limitations purposes." Piscopo v. Sec'y of Health and Humans Servs., Civ. No. 93-2326, 1994 WL 283919, at *3 (1st Cir. June 27, 1994); see 20 C.F.R. §422.210(c) ("any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual. . .").

Moreover, there is a presumption that "the date of receipt is five days after the date on the notice unless the claimant makes 'a reasonable showing to the contrary.'" McLaughlin v. Astrue, 443 Fed. App'x 571, 572 (1st Cir. 2011) (citing 20 C.F.R. § 422.210(c)); Piscopo, 1994 WL 283919, at *3. "If a claimant is able to rebut the presumption, then the Commissioner 'must prove that [the claimant] received actual notice more than 60 days prior to filing the complaint in district court.'" Grant v. Berryhill, 695 Fed. App'x 592, 593-94 (1st Cir. 2017) (quoting McLaughlin, 443 Fed. App'x, at 575).

"It is well-established that the 60-day filing period set forth in 42 U.S.C. § 405(g) is not jurisdictional, but rather constitutes a statute of limitations. As such, the limitation period constitutes a condition on the waiver of sovereign immunity that must be strictly construed." Piscopo, 1994 WL 283919, at *3 (citing Bowen v. City of New York, 476 U.S. 467 (1986)). "Consequently, 42 U.S.C. § 405(g) generally precludes late judicial challenge to the denial of benefits." Grant, 695 Fed. App'x at 594 (citing Piscopo, 1994 WL 283919, at *3).

4

In the case at hand, the Commissioner issued a final decision on April 22, 2019 when the Appeals Council affirmed the ALJ's decision. ECF No. 1, at 3, ¶ 12. Accordingly, the sixty-day period to file a civil action began to run on April 27, 2019, and expired on June 26, 2019.[2] Plaintiff, however, did not file the complaint until July 17, 2019 which is twenty-one days after the period to file a civil action expired. ECF No. 1. It is undisputed by the parties that Plaintiff did not timely file the complaint within the applicable sixty-day period.[3] ECF No. 1, at 1, ¶ 4; ECF No. 21, at 4-5. Plaintiff has not presented any allegations that she did not receive notice of the Appeals Council's decision within five days after it was issued on April 22, 2019.

In the complaint, Plaintiff concedes the civil action was not timely filed but argues that the delay should be excused. ECF No. 1, at 1-2. "[T]he sixty-day time limit under 42 U.S.C. § 405(g) is subject to equitable tolling." Walker-Butler v. Berryhill, 857 F.3d 1, 7 (1st Cir. 2017); McParland v. Colvin, 215 F. Supp. 3d 129, 132 (D. Mass. 2016) ("[A]s the Supreme Court has held, 'application of a traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully consistent with the overall congressional purpose and is nowhere eschewed by Congress.'" (citing Bowen, 476 U.S. at 480)). "To be entitled to equitable tolling, a litigant must establish that they have (1) been pursuing their rights diligently and (2) that some extraordinary circumstances stood in their way which prevented timely filing." Maldonado Medina v. Comm'r of Soc. Sec. Admin., Civ. No. 18-1091, 2019 WL 2710801, at *3 (D.P.R. June 27, 2019).

In the complaint, Plaintiff alleges that she contracted the professional services of Santiago & González Law, LLC on June 7, 2019. ECF No. 1, at 1, ¶ 4. Plaintiff further alleges

---

[2] The sixty-day period did not begin to run until April 27, 2019 because there is a presumption that Plaintiff received notice of the decision of the Appeals Council five days after it was issued on April 22, 2019. See 20 C.F.R. § 422.210(c); Grant v. Berryhill, 695 Fed. App'x 592, 593-94 (1st Cir. 2017).
[3] Throughout the motion to dismiss, the Commissioner erroneously states that Plaintiff filed the complaint on September 26, 2019. See ECF No. 21, at 2, 5. The complaint was filed on July 17, 2019. ECF No. 1.

that on June 12, 2019, Plaintiff's counsel Nydia González Ortiz underwent cardiac surgery and was ordered by medical staff to remain at bedrest for approximately two months. Id. Thus, Plaintiff requests "that this appeal be accepted as we understand that the request, although belated, is justified . . ." Id. at 2, ¶ 5.

The Commissioner raises several arguments as to why Plaintiff's allegations do not excuse the untimely filing of the complaint. First, the Commissioner argues that "Plaintiff had already delayed six weeks into the filing period at the [time of Plaintiff's counsel's surgery], despite being aware of the upcoming deadline and took no subsequent action to ensure timely filing." ECF No. 21, at 5. The fact that Plaintiff did not file the complaint within the first six weeks of receiving notice of the Appeals Council's decision is inconsequential. A claimant has a period of sixty days to file a civil action upon receiving notice of a final decision from the Commissioner. See 42 U.S.C. § 405(g).

The Commissioner also argues that even assuming that the initial delay in filing could be excused, "Plaintiff's attorney provides no explanation for the subsequent delay in filing after resuming professional activity." ECF No. 21, at 5. The Commissioner notes that Plaintiff alleges that her counsel was ordered to remain at bedrest for two months following her surgery on June 12, 2019, which would correspond to a return to professional duties on August 12, 2019. ECF No. 21, at 5. Yet, the Commissioner argues, "Plaintiff's attorney delayed an additional month and a half until September 26, 2019 to file the complaint despite knowing it was several months past due." ECF No. 21, at 5. The Commissioner's argument is untenable because it is premised on the unfounded assertion that the complaint was filed on September 26, 2019. ECF No. 21, at 4-5. The complaint was filed on July 17, 2019. ECF No. 1. Therefore, the complaint was filed

6

thirty-five days after Plaintiff's counsel underwent surgery and while she was allegedly still on bedrest.

"[A] court generally considers five factors to guide its decision to grant an equitable toll: '(1) a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party's opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit.'" Maldonado Medina v. Comm'r of Soc. Sec. Admin., Civ. No. 18-1091, 2019 WL 2710801, at *3 (D.P.R. June 27, 2019) (citing Borgos-Taboas v. Hima San Pablo Hosp. Bayamón, 832 F. Supp. 2d 121, 125 (D.P.R. 2011)); Ramos-Caldero v. Comm'r of Soc. Sec. Admin., Civ. No. 17-2355, 2019 WL 1467979, at *2 (D.P.R. Apr. 1, 2019).

In the case at bar, Plaintiff has not alleged that she lacked notice of the sixty-day time period to file a civil action. Instead, Plaintiff alleges that the complaint was not filed in a timely manner because her counsel underwent surgery on June 12, 2019. In support of her allegation that Plaintiff's counsel was ordered to remain at bedrest for approximately two months, Plaintiff states "[s]ee attached medical certification." ECF No. 1, at 2, ¶ 4. Plaintiff, however, did not attach a medical certification to the complaint.

As to reasonable diligence, Plaintiff has not presented any arguments that she actively pursued her claim before the deadline to file an appeal expired. Maldonado Medina, 2019 WL 2710801, at *4 ("Reasonable diligence is shown when a claimant has actively pursued a claim during the statutory period."). The complaint does not detail whether Plaintiff's counsel underwent a scheduled or emergency surgery. If the surgery was performed with very short advance notice or if Plaintiff's counsel's health was such that before the surgery she was bedridden and unable to communicate meaningfully with anybody, then equitable tolling could

7

be justified. Plaintiff's counsel, however, has not provided such details (or a medical certification to such effect) or even filed a response in opposition to the motion to dismiss.

If, on the other hand, the surgery was scheduled with reasonable advance notice and counsel was capable of attending to matters, various steps could have been taken to ensure the complaint was filed in a timely manner. For example, Plaintiff's counsel could have placed her client on notice of the expiration date to file the complaint and urged her to retain the services of another lawyer. Also, if there is another attorney admitted to practice before the United States District Court for the District of Puerto Rico at Santiago & González Law, LLC, he or she could have filed the complaint if the Plaintiff agreed to such substitution. Furthermore, it is not evident from the complaint whether Plaintiff requested an extension of time to file a complaint in federal court from the Appeals Council, which is another possible alternative that could have been pursued. See 20 C.F.R. §§ 404.982 and 416.1482.[4] See also Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 38 (1st Cir. 2013) ("Attorneys act for their clients, and the neglect of an attorney acting within the scope of his or her authority is attributable to the client."); Rivera-Velázquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 6 (1st Cir. 2014) ("in litigation matters, lawyers act for their clients; and this case is not the first (nor will it be the last) in which the failings of an attorney are visited upon her client."); Riveiro-Calder v. Cooperativa de Ahorro y Credito de Aguadilla, Civ. No. 11-1702, 2013 WL 503965, at *3 (D.P.R. Feb. 8, 2013) ("It is a general principle that the carelessness or negligence of an attorney is imputable to the client under the agency theory.").

---

[4] "Any party to the Appeals Council's decision or denial of review, or to an expedited appeals process agreement, may request that the time for filing an action in a Federal district court be extended. The request must be in writing and it must give the reasons why the action was not filed within the stated time period. The request must be filed with the Appeals Council, or if it concerns an expedited appeals process agreement, with one of our offices. If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in [20 C.F.R.] § 416.1411." 20 C.F.R. §§ 404.982, 416.1482.

The Appeals Council may grant an extension of time to file a complaint in federal court upon a showing of good cause that includes "illness, accident, destruction of records, or mistake; the claimant misunderstands the appeal process or is unable timely to collect necessary information; or the Commissioner undertook action that 'misled' the claimant concerning her right to review." Pacheco v. Comm'r of Soc. Sec., Civ. No. 19-1373, 2020 WL 7490397, at *4 (D.P.R. Dec. 17, 2020) (citing 20 C.F.R. §§ 404.911, 416.1411). Plaintiff, however, does not clarify whether she requested an extension of time from the Appeals Council. See McParland, 215 F. Supp. 3d at 133 (explaining that equitable tolling may apply "when a timely request for an extension was filed, but the Appeals Council failed to rule on the request before the statute of limitations expired."); Sánchez v. Barnhart, Civ. No. 3-537, 2004 WL 1005589, at *2 (W.D. Wis. May 4, 2004) ("Appeals Council's failure to respond in a timely fashion to [the claimant's] request for an extension could provide an equitable reason to toll the limitations period.").

Regarding lack of prejudice, "the statute of limitations exists precisely to promote efficiency and quick resolution of appeals 'due to the vast number of civil actions filed.'" Pacheco, 2020 WL 7490397, at *6 (citing De Oliveira v. Astrue, Civ. No. 10-11905, 2011 WL 7099971, at *4 (D. Mass. Aug. 1, 2011)). In the case at hand, Plaintiff filed the complaint on July 17, 2019 which was twenty-one days past the deadline of June 26, 2019. Furthermore, the Commissioner filed its motion to dismiss on February 26, 2020 and over one year later Plaintiff has yet to file a response in opposition. ECF No. 21. An equitable tolling of the complaint filed twenty-one days after the statute of limitations expired "would undermine the Congressional purpose of moving cases to a speedy resolution and would probably increase the number of challenges to the Commissioner's decisions." Pacheco, 2020 WL 7490397, at *6. As to the reasonableness in remaining ignorant to the time limit, Plaintiff has not alleged that she was

unaware of the sixty-day time period to file a complaint. Thus, the balance of the factors does not favor the equitable tolling of the complaint.

The fact that Plaintiff's counsel underwent surgery, in the absence of other pertinent information and/or supporting documentation such as the one discussed above, is insufficient by itself to entitle Plaintiff to an equitable tolling of the deadline to file the complaint. Plaintiff's counsel could have used a response to the motion to dismiss to submit a medical certification, disclose whether the surgery was scheduled or an emergency, articulate extenuating circumstances following a scheduled surgery, and clarify whether she requested an extension of time from the Appeals Council to file the complaint. However, Plaintiff's counsel did not respond to the motion to dismiss even after receiving an extension of time to do so. See ECF No. 23. Plaintiff's counsel's silence regarding these pertinent details has not put the court in a position to find that equitable tolling should apply in the case at hand. See Pacheco, 2020 WL 7490397, at *6 ("Plaintiff has shown no extraordinary circumstances that would have allowed for an extension of time or equitable tolling in the case, and without a showing of reasonable diligence, her claims cannot go forward."). Thus, it is hereby recommended that the complaint be dismissed.

## V.     Conclusion

For the foregoing reasons, it is hereby recommended that the Commissioner's motion to dismiss (ECF No. 21) be GRANTED and that the complaint be dismissed. The parties have fourteen (14) days to file any objections to this report and recommendation unless otherwise ordered by the court. Failure to file the same within the specified time waives the right to object to this report and recommendation. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B); Local

Rule 72(d); see also 28 U.S.C. § 636(b)(1); Henley Drilling Co. v. McGee, 36 F.3d 143, 150–51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

    IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 27th day of April, 2021.

s/Marcos E. López  
U.S. Magistrate Judge
